

2013 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2013

# In Re: Jean L. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 12-4627

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"In Re: Jean L. Jones " (2013). *2013 Decisions.* Paper 797.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/797

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4627
_____

IN RE: JEAN L. JONES,
                                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 12-cv-05873)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 22, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 24, 2013)
_____

OPINION
_____

PER CURIAM

        Appellant Jean L. Jones, proceeding pro se, appeals from the District Court's

dismissal of her appeal from a decision of the United States Bankruptcy Court for the

District of New Jersey.  For the reasons that follow, we will affirm the judgment of the

District Court.

        On March 11, 2009, the Bankruptcy Court issued a ruling denying Jones' motion

for accounting in her bankruptcy proceedings.  Jones subsequently filed a "Motion to

Enforce the Provisions of Title 8 of the Civil Rights Act of 1968," which the Bankruptcy Court construed as a motion for reconsideration of its March 11, 2009 ruling. The Bankruptcy Court denied Jones' motion for reconsideration by order entered on October 29, 2009. Jones was discharged from bankruptcy on March 2, 2012, and a final decree was entered on March 5, 2012 thereby closing the case.

On June 6, 2012, Jones filed a notice of appeal of the Bankruptcy Court's order denying her earlier motion for reconsideration. After holding oral argument on the matter, the District Court dismissed Jones' appeal. Jones argued that she was entitled to relief because the Bankruptcy Judge assigned to her case engaged in fraud by ruling against her. Finding no error in the Bankruptcy Court's prior ruling, and no evidence of fraud, the District Court dismissed Jones' case. This appeal followed.

After reviewing the record, we conclude that the District Court did not have jurisdiction over Jones' appeal from the order of the Bankruptcy Court.[1] A party has fourteen days from the date of the entry of the judgment to file a notice of appeal. See Fed. R. Bankr. P. 8002(a). This time requirement is jurisdictional, see In re Caterbone, 640 F.3d 108, 113 (3d Cir. 2011), and a party's failure to file a timely notice of appeal creates a defect that bars subsequent appellate review. Id. at 112; S'holders v. Sound Radio, Inc., 109 F.3d 873, 879 (3d Cir. 1997).

Here, assuming that the Bankruptcy Court's October 29, 2009 discovery order was interlocutory and not appealable at the time that it was entered, see ADAPT of Phila. v.

---

[1] We have jurisdiction pursuant to 28 U.S.C. §§ 158(d) and 1291, and may affirm on any grounds supported by the record. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir.

2

<u>Phila. Hous. Auth.</u>, 433 F.3d 353, 360 (3d Cir. 2006), Jones had 14 days from entry of final judgment in her case to seek review of that order. Jones did not file her notice of appeal until June 26, 2012, more than three months after final judgment had been entered in her case. Her notice of appeal was therefore untimely. Accordingly, because the District Court did not have jurisdiction to review the Bankruptcy Court's order, we too are precluded from reviewing the merits of the October 29, 2009 order of the Bankruptcy Court.

For these reasons, we will affirm the judgment of the District Court dismissing Jones' case.

---

2001).